Washburn, J.
Opinion on motion to dissolve injunction.
The East Ohio Gas Company, operating under its charter and a franchise from the city of Akron, had been furnishing gas to the city and its inhabitants-for ten years at a price fixed by an ordinance of the city. The ten years period covered by said ordinance having expired, the city claiming the right under the statute to arbitrarily fix the price of gas, passed an ordinance fixing the price at 20 cents per 1,000 feet, and before the gas company had an opportunity to take any action in reference to said ordinance, a mandatory injunction was obtained by the city requiring the gas company to continue to furnish gas. In the circuit court that injunction was made perpetual, and as a part of the decree of the circuit court requiring the gas company to continue to furnish gas, the following order was made, by agreement of the parties, to-wit:
“Thereupon, the East Ohio Gas Company, stating to the court that it was its intention to take this case on error to the Supreme Court of the state, and also, if necessary, to institute another action to determine the legality of the ordinance passed by the city council of the city of Akron on the 7th day of October, 1908, for the purpose of keeping the subject-matter of this action in statu quo, and to avoid a multiplicity of actions respecting the rate to be paid for said gas pending the final adjudication of these differences, the court do further order and decree as follows:
‘ ‘ That until the final disposition of this case, and also the final disposition of any action that may hereafter be brought by said defendant, the East Ohio Gas Company, or the city of Akron, to test the legality of said ordinance of October 7th, 1908, the said defendant, the East Ohio Gas Company, shall be permitted to charge and collect from the said city of Akron, and also from its various customers, the consumers of natural gas in said city, at the rate of thirty (30) cents for each one thousand (1,000) cubic feet of gas, and the decree in this action shall not be construed as forbidding it to do so.
*528 “And the said defendant, the East Ohio Gas Company, for the purpose of enforcing the collection of said rate, shall be permitted,when necessity therefor arises, to shut off the gas from any consumer who shall refuse to pay said rate.
“In collecting said rate of thirty cents, as hereinbefore permitted, the said defendant, the East Ohio Gas Company, shall keep an accurate account of the amounts so paid by each of its said customers in said city, including the said city of Akron, itself, and its said books containing said accounts shall be open at .all reasonable times to the inspection of the officers of said city.
“As fast as said collections shall be made at said rate, said defendant, the East Ohio Gas Company, shall deposit one-third part thereof, or ten cents (10c), (except in the case of the city of Akron and other special rate consumers, in which ease the deposit shall be seven cents), in the National City Bank of Akron, Ohio, to its own credit, and shall allow said sum to accumulate, without cheeking against the same, until the final disposition of all matters hereinbefore set forth. If upon final adjudication of this action, and also upon final adjudication of any other action brought as aforesaid to test the legality of said ordinance, it shall be found that the ordinance of October 7th, 1908, is legal, and the rate for gas prescribed therein valid and reasonable, then said the East Ohio Gas Company shall, upon demand, return to the consumers paying the same, in the proportion in which it was so paid, said amount so deposited in said the National City Bank. Said money shall.be returned to said consumers by check issued by said the East Ohio Gas Company to the indiviual entitled thereto upon the demand therefor for the amount to which he shall be entitled, as per the books of said company.
“In the event that this action is’ decided by the Supreme Court of Ohio in its favor, then the defendant, the East Ohio Gas Company, shall be .under no obligation to return said deposit to said consumers, and also, in the event that it shall be found that the rate established by the said ordinance of October 7th, 1908, is invalid, and no rate less than the thirty cent rate charged shall be found to be reasonable and valid, then the East Ohio Gas Company shall be under no obligation to return said deposit to said customers.
“If, however, on final disposition of said cases, a less rate than thirty cents shall finally be found to be reasonable and valid, as fixed by a legal ordinance, then the East Ohio Gas Company shall return to said consumers, upon their demand there *529 for in the manner aforesaid, the difference between said rate so established and said rate of thirty cents so paid.
“This provision shall apply to all bills for gas rendered on and after December 1st, 1908.
“It is further provided that all demands for the return of said excess payments to gas consumers (in case the East Ohio Gas Company shall be called upon to make such payments) shall be made on or before the expiration of one year after the termination of said litigations, and after the passage of a legal ordinance by said city establishing a just rate; otherwise the said the East Ohio Gas Company shall be under no obligation to return such deposits.”
The motion in this case involves a construction of the above order of the circuit court. The gas company claimed the right to withdraw from the city and announced its intention to do so, and prosecuted error to the Supreme Court, where it was determined that the injunction was wrongfully issued, that the gas company could not be compelled to furnish gas, and that it had a right at the time said action was begun to withdraw from the city and discontinue the service of gas.
After the decision of the Supreme Court the gas company gave notice that on a certain date, about three weeks hence, it would exercise the right which the Supreme Court had determined it had, to discontinue the service of gas. Afterwards and within that time, the city passed an ordinance, which was accepted by the gas company, in which the price of gas was fixed in accordance with -the wishes of the gas company, at thirty cents per thousand feet, but as the legality of that ordinance is questioned in the reply in this case, the matter, so far as this motion is concerned, has been submitted to the court without reference to its effect upon said order of the circuit court. •
Ignoring the question of proper parties and all other questions made by the defendant in this case, and without stating how this matter is before the court, the question is: Should the bank in which the money was deposited under the order of the circuit court, to the .amount of about $85,000, be enjoined from paying the same over to the gas company, in view of the'decision of. the Supreme Court to the effect that it had a right to *530 discontinue the service of gas? So far as the matter is now before the court, the contention of the plaintiff is that said money can not be paid over to the defendant company until there has been a judicial determination as to whether or not thirty cents is a reasonable and valid charge for the gas. The contention on. the part of the defendant is that the fair construction of said decree is that if the Supreme Court determined that the defendant company had a right to withdraw, it should then be under no obligation to return said deposits to its customers, and that the reasonableness of the rate was involved only in the event that the Supreme Court should find that the defendant did not have a right to withdraw.
Confining myself to the issue now before the court, and omitting any question as to whether or not the city and the gas company have since established a reasonable rate, after carefully considering this decree in the light of the circumstances under which it was made, I am of the opinion that it provided that the gas company should be required to return said deposits only in the event ithat the Supreme Court determined that the defendant did not have a right to discontinue the service of gas and that the rate of twenty cents fixed by said ordinance should be judicially determined to be valid and reasonable. That is plainly set forth in the following quotation from the decree:
“If upon final adjudication of this action, and also upon final adjudication of any other action brought as aforesaid to test the legality of said ordinance, it shall be found that the ordinance of October 7th, 1908, is legal, and the rate for gas prescribed therein valid and reasonable, then said the East Ohio Gas Company shall, upon demand, return to the consumers paying the same, in the proportion in which it was so paid, said amount so deposited in said the National City- Bank. ’ ’
The fact is that the Supreme Court did not decide that the company did not have a right to discontinue the service of gas, and no court has judicially determined that the twenty cent rate is valid and reasonable. So that under that, branch -of the decree there is no reason for saying that the money deposited in the bank should be returned to the consumers.
*531 I am further of the opinion that the decree plainly provides that if the Supreme Court determined that this company had a right to discontinue the service of gas, that then if should be under no obligation to return said deposit to its customers, and that in the event that the Supreme Court should determine that the company had no authority to discontinue the service of gas, that the company still had the right to the thirty cents collected, unless it should be judicially determined that a rate less than thirty cents was reasonable and valid. The decree on this subject reads as follows:
‘ ‘ In the event that this action is decided by the Supreme Court of Ohio in its favor, then the defendant, the East Ohio Gas Company, shall be under no obligation to return said deposit to said consumers, and also, in the event that it shall be found that the rate established by the said ordinance of October 7th, 1908, is invalid, and no rate less than the thirty cent rate charged shall be found to be reasonable and valid, then the East Ohio Gas Company shall be under no obligation to return said deposit, to said consumers. ’ ’
The action in the Supreme Court having been decided in favor of the defendant gas company, there was then under this decree no occasion for a judicial determination of the reasonableness of the twenty cent rate fixed by the ordinance of October 7th, 1908, for by this decree it was specifically provided that the gas •company should be under no obligation to return said deposits in the event that the action was decided by the Supreme Court in its favor.
Counsel for the city contend that this order means that the gas company has_no right to the thirty cents collected until it shall be judicially determined that thirty c.ents 'is a reasonable rate. It seems apparent to the court, from a careful study of this order, that both parties must have contemplated at the time it was made that there would be' no necessity to litigate the question of the reasonableness of the twenty cent rate in the event that the gas company should win its case in the Supreme Court. The reason for making the agreement, as stated in the agreement, was because of the gas company “stating to the court that it was its intention to take this ease on error to the Supreme *532 Court of the state, and also, if necessary (if it became necessary by reason of its being defeated in the Supreme Court), to institute another action to determine the legality of the ordinance passed by the city council of the city of Akron on the 7th day of October, 1908”; and the object of the agreement as stated therein was “for the purpose of keeping the subject of this action in statu quo, and to avoid a multiplicity of actions respecting the rate to be paid for said gas pending the final adjudication of these differences.”
The “difference,” and the only difference then pending, was whether or not the gas company .could legally discontinue the service of gas and withdraw from .the city. If it could, then there was no occasion for an action to determine the legality of the ordinance passed by the city council on the 7th day of October, 1908, for in that event the company had declared its intention of refusing to furnish gas under that 'ordinance. If its right to withdraw was sustained by the Supreme Court and it did withdraw, then there would be no reason for an action to determine the legality of the ordinance passed October 7th,. 1908, and that was all that was meant by the reference in the agreement to an action to determine the legality of the ordinance passed October 7th, 1908.
The agreement specifically provided that the gas company should be under no obligation to return said deposits1 in the event -that the action was decided by the Supreme Court in its favor, and the Supreme Court having decided that action in its favor, it follows that no injunction can properly be issued restraining the payment of the deposits to the gas company, and. the motion of the defendant to dissolve such injunction will be granted.